RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/14/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| COURTLAND TATUM,<br>    Plaintiff | CIVIL ACTION<br>NO. 1:12-CV-02670 |
| VERSUS | |
| NATCHITOCHES SHERIFF'S<br>DEPARTMENT,<br>    Defendant | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Courtland Tatum ("Tatum") on October 11, 2012 (Doc. 1). The sole named defendant is the Natchitoches Parish Sheriff's Office. Tatum alleges he was falsely imprisoned for 72 hours in the Natchitoches City Jail in April 2011.

The Natchitoches Parish Sheriff's Department filed a motion to dismiss (Doc. 14), and Tatum filed three motions to amend his complaint (Docs. 17, 21, 26).

Law and Analysis

Parish Sheriff's Departments are not legal entities capable of being sued. The State of Louisiana grants no such legal status to any Parish Sheriff's Office. Thus, the Natchitoches Parish Sheriff's Department is not a "person" capable of being sued. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D.La. 1988); Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236, 238 (La. App. 3d Cir.), writ den., 352 So. 2d 235 (La. 1977).

Also, <u>Riley v. Evangeline Parish Police Jury</u>, 630 So.2d 1314, 1320 (La. App. 3d Cir. 1993), rev'd on part on other grounds, 637 So.2d 395 (La. 1994); <u>Ferguson v. Stephens</u>, 623 So.2d 711, 714-15 (La. App. 4th Cir. 1993); <u>Garner v. Avoyelles Parish Sheriff's Dept.</u>, 511 So.2d 8 n.1 (La. App. 3d Cir. 1987). Therefore, the motion to dismiss (Doc. 14) should be granted and Tatum's §1983 action against the Natchitoches Parish Sheriff's Department should be dismissed with prejudice.

However, the correct remedy to a pro se litigant who improperly names defendants is permissive amendment of the complaint. Allowing amendment of the complaint corresponds with the philosophy of liberal reading of pro se pleadings. <u>Guidry v. Jefferson Cty. Detention Ctr.</u>, 868 F.Supp. 189, 191 (E.D.Tex. 1994), and cases cited therein. Also, <u>Dayse v. Schuldt</u>, 894 F.2d 170, 174 (5th Cir. 1990); <u>Gallegos v. State of La. Code of Criminal Procedure Art. 658 Para. A and C(4)</u>, 858 F.2d 1091, 1091-92 (5th Cir. 1988); <u>Chancery Clerk of Chickasaw County, Miss. v. Wallace</u>, 646 F.2d 151, 160 (5th Cir. 1981); <u>Wright v. El Paso Cty. Jail</u>, 642 F.2d 134, 136 n.3 (5th Cir. 1981. Since Tatum is proceeding pro se, he should be allowed to amend his complaint to name a proper defendant. Tatum has filed three motions to amend his complaint, naming additional defendants and alleging facts in support of his claim for false imprisonment (Docs. 17, 21, 26), which are granted in a separate order issued this day.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion to dismiss (Doc. 14) be GRANTED and that Tatum's action against the Natchitoches Sheriff's Department be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of August 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE